**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
6605 S. Redwood Rd., Suite 101
Salt Lake City, Utah 84123
Telephone: (801) 331-8668
Email: matthew.crane@fordcranelaw.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT,
IN AND FOR THE CENTRAL DISTRICT OF UTAH**

| | |
|---|---|
| PAMELA WHITNEY, An Individual, LINDA SUDA, An Individual, | **COMPLAINT** |
| Plaintiffs, | Case No. 2:19-CV-369-EJF |
| vs. | Magistrate Evelyn J. Furse |
| GARDNER VILLAGE, L.C., A Utah Limited Liability Company, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X. | |
| Defendants. | |

Plaintiffs Pamela Whitney and Linda Suda, by and through their attorney Matthew B. Crane of Ford & Crane PLLC, hereby file complaint against Gardner Village, L.C., a Utah limited liability company, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X, and alleges as follows:

1

## INTRODUCTION

1. This action seeks redress against Defendants in the form of declaratory relief and a permanent injunction to enjoin Defendants' unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2]. Defendants maintain illegal architectural barriers to access on its premises and have failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2. On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard"). These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36. Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere to in order to comply with the ADA.

3. Even if the non-conforming barriers were constructed prior to 1990, places of public accommodation must comply with the 1991 Standard if compliance is readily achievable.[4]

---

[1] 42 U.S.C. §12181, *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12181(2)(A).

4. On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard"). The 2010 Standard applies to buildings constructed or altered in a relevant manner after March 15, 2012. Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

5. Any site that has undergone relevant renovations since March 2012 must fully comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard alone.[5]

6. Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendants.

**PARTIES, JURISDICTION AND VENUE**

7. Plaintiff Pamela Whitney is a citizen and resident of the State of Utah.

8. Plaintiff Whitney has been diagnosed with multiple sclerosis or "MS" which is an unpredictable, disabling disease of the central nervous system.

9. As a result of MS, Plaintiff Whitney suffers from several common MS symptoms including cognitive impairments, pain and weakness on right side of her body, numbness in her hands, feet and legs, fatigue, burning and icy hot sensation on the bottom of her feet, tremors and

---

[5] 28 C.F.R. 36.406(a).

uncontrollable shaking in her hands and legs, depression, difficulty with ambulation, nerve pain on the bottom of her feet and on the right side of her face.

10. Plaintiff Whitney currently receives federal disability benefits.

11. Because of Plaintiff Whitney's disability and impairments described above, she must use a wheel chair for mobility.

12. Plaintiff Whitney has a permanent disability parking permit from the State of Utah.

13. Plaintiff Linda Suda is a citizen and resident of the State of Utah.

14. Plaintiff Suda suffers from neurological damage because of an automobile accident.

15. Because of this accident, Plaintiff Suda has permanent weakness and dysfunction on the left side of her body that significantly impairs her mobility.

16. Because of Plaintiff Suda's disability and impairments described above, she must use a wheel chair for mobility.

17. Plaintiff Suda has a permanent disability parking permit from the State of Utah.

18. Defendant Gardner Village, L.C. ("Gardner Village") is a Utah limited liability company that owns the property located at 1100 W. 7800 S. in West Jordan, Utah (the "Premises")[6].

---

[6] The Premises is a unique property that consists of multiple addresses and parcels: 1100 W. 7800 S. (Parcel #21-26-376-017), 1126 W. 7800 S. (Parcel #21-26-352-005), 1128 W. 7800 S. (Parcel #-21-26-352-006) and 1132 W. 7800 S. (Parcel #21-26-352-007).

19. Upon information and belief, Defendant Gardner Village leases commercial space on the Premises to other entities for the operation of a restaurant and numerous retail shops.

20. The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

21. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiffs' claims arose in this district and Defendants' conduct business herein.

## FACTUAL ALLEGATIONS

23. Plaintiffs' incorporate the foregoing paragraphs herein.

24. Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[7]

25. Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[8]

26. Both Plaintiff Whitney and Plaintiff Suda live with permanent disabilities and must use a wheelchair for mobility.

---

[7] 42 U.S.C. §12101.
[8] 42 U.S.C. §12181(2)(A).

27.     Defendants own the Premises and/or lease space or operate a business located at the Premises. Defendants offer goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

28.     Plaintiffs have visited the Premises and has encountered barriers to access, which makes it impossible for her to fully enjoy the goods and services offered.

29.     The architectural barriers to access on Defendants' Premises include, but are not limited to, the following:

30.     Accessible parking spaces and their access aisles have surface areas with slopes exceeding the 1:48/2.083% (2010) and 1:50/2% (1991) maximum allowed by ADAAG (with slopes as great as 8.6%).[9]

31.     The accessible route sidewalk to the accessible entrances includes sections which exceed the maximum allowable cross-slope of 1:50/2% (1991 Standard) and 1:48/2.0833% (2010 Standard) under ADAAG (with slopes as great as 7.8%).[10]

32.     The running slope of the walking surface on accessible routes exceeds the maximum allowable slope of 1:20 under ADAAG and is therefore a ramp (with slopes as high as 7.6%).[11]

33.     The accessible routes from accessible parking to the entrances crosse large gaps, cracks and other barriers that violate rules against changes in level under ADAAG.[12]

---

[9] 1991 Standard §4.6.3; 2010 Standard §502.4.
[10] 1991 Standard § 4.3.7; 2010 Standard §403.3.
[11] 1991 Standard §§3.5 "Ramp", 4.3.7; 2010 Standard §§106.5 "Ramp", 403.3.

34. Removal of the architectural barriers to access is readily achievable and could be completed by Defendants without significant difficulty or expense by re-surfacing parking spaces and assess aisle and replacing portions of the accessible route that have cross-slope problems or changes in level.

35. No notice to Defendants is required under ADAAG as a result of Defendants' failure to cure the violations contained herein during the many decades since ADAAG's adoption.  Congress did not require disabled people to beg for access— the duty lies with the property owner and business to comply with the law.

36. Plaintiffs have visited the Premises to shop and frequent business and have encountered the barriers described in this Complaint. Plaintiffs plan to return to the Premises and will continue to encounter the barriers described in this Complaint if they are not remedied.

37. The barriers to access on the Premises exclude persons with disabilities such as Plaintiffs from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendants.

38. As a result of Defendants' unlawful architecture and failure to remedy, Plaintiffs and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress, indignity and limitations to their personal freedom.

39. Plaintiffs' knowledge of the barriers described in this Complaint deterred Plaintiffs' access to, or full use and enjoyment of the Premises.

---

[12] 1991 Standard §4.3; 2010 Standard §303.

40. Plaintiffs believe that the Premises has additional architectural barriers on the interior of the Premises that violate ADAAG and which would require additional inspection and access to the interior of the Premises, which barriers include but are not limited to problems with service counters and bathroom facilities and changes in level. Plaintiffs lack the technical experience and ability to use measuring instruments themselves and did not want to disrupt the business operations at the Premises by having their counsel do so without permission from the Defendants and so only exterior measurements were performed at the Premises that would not alarm or interfere with other patrons of the Premises. Plaintiffs experienced difficulty with the areas described in this paragraph and therefore has a reasonable belief that they include architectural barriers.

**FIRST CAUSE OF ACTION**
**Injunction for Violation of Title III of the ADA**

41. Plaintiffs incorporate the foregoing paragraphs herein.

42. Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person owns, leases or operates any place of public accommodations.[13]

43. Defendants own, lease and/or operate a place of public accommodation and are subject to the requirements of Title III of the ADA[14].

44. Under the ADA, failure to remove architectural barriers to access by disabled

---

[13] 42 U.S.C. §12101.
[14] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).

persons, where readily achievable, constitutes discrimination.[15]

45.     The Department of Justice defined "readily achievable" as meaning "easily accomplishable and able to be carried out without much difficulty or expense"[16].

46.     Defendants have engaged in discriminatory practices by: 1) failing to construct their facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access, where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

47.     Defendants have continued their discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

48.     Because of Defendants' unlawful conduct, Plaintiffs and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiffs and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

49.     Plaintiffs are entitled to a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

---

[15] 42 U.S.C. §12181(2)(A).
[16] 28 C.F.R. 6.304(a).

50. Plaintiffs were required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

51. Plaintiffs incorporate the foregoing paragraphs herein.

52. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201.

53. Plaintiffs request declaratory judgment: 1) declaring an actual controversy between Plaintiffs and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiffs' rights as a disabled person under the ADA as they pertain to Defendant's facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

A. For a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B. For an order of the Court: 1) declaring that there is an actual controversy between Plaintiffs and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiffs' rights as a disabled person under the ADA as they pertain to Defendants' facility;

C. For an award of Plaintiffs' attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205; and

D. For any and all other relief the Court deems just and equitable.

DATED this 24th day of May, 2019

FORD & CRANE PLLC

/s/ Matthew B. Crane
Matthew B. Crane (UTB# 13909)
*Attorney for Plaintiffs*